9359

FOWKE *ET AL.* v. DE WITT *ET AL.*

(88 S. E. 368.)

JUDGMENT — JUDGMENT LIEN — EXTENSION BY PAYMENT — STATUTE. —
Under Civ. Code 1912, sec. 3535, providing that, if the holder of a
lien on realty shall, during its continuance, cause to be recorded upon
the record of the mortgage deed, having the effect of a mortgage,
or shall file with the record of the judgment, decree, or other lien,
a note of some payment on account or some written acknowledg-
ment of the debt, with the date, such mortgage, judgment, decree,
or other lien shall continue to be a lien for 20 years from the date
of record of any such payment on account or acknowledgment,
where it appeared in writing from the record in the sheriff's office
that payments were made to him officially on a judgment for the
deficiency of a mortgage debt after sale on foreclosure, the last pay-
ment being made less than 20 years before the summons to renew
the judgment was filed, the action to renew was not begun too late,
since the receipts in writing and the sheriff's record were substantial
compliance with the rule of evidence created by the statute.

Before MAULDIN, J., Barnwell, May, 1915.   Affirmed.

Action by John C. Fowke and others against Mrs. Sinea
De Witt and others. From a judgment for plaintiffs,
defendants appeal.

The appellants thus state their case:
"This action was commenced for the purpose of reviving
a certain judgment rendered in the Court of equity on the
6th day of November, 1869, in a cause entitled *Johnson
Hagood, Commissioner in Equity,* v. *William H. Hagood,
John J. Cater, and Charles M. De Witt.*

"Since the rendition of said judgment John J. Cater died
testate November 9, 1872, Charles M. De Witt and William
H. Hagood, codefendants, died intestate prior to the year
1881, as is admitted in the seventh paragraph of the com-
plaint at folio 18 of brief, and the plaintiffs, who are the
alleged executors of J. J. Cater, deceased, now seek judg-
ment against the heirs and distributees at law of Charles M.

De Witt, deceased, as principal and codefendant of said J. J. Cater for the deficiency upon the original judgment.

"The defendants, answering the complaint, first set up a general denial, and, second, the statute of limitations.

"The cause was heard before Hon. T. J. Mauldin, and, after argument submitted, rendered his decree, granting the plaintiffs the relief prayed for in the complaint, to which the defendants now except.

"The plaintiff's contention is that in 1859 C. M. De Witt, John J. Cater, and William H. Hagood executed and delivered their bond to Johnson Hagood, commissioner in equity for the district of Barnwell, in the penal suit of $1,406.28, conditioned for the payment of the full and just sum of $713.14, to be paid on the 16th day of June, 1859, with interest, and in order to secure the said bond C. M. De Witt executed to said commissioner his mortgage deed, covering certain lands as security to the bond, and that thereafter, on the first day of April, 1859, C. M. De Witt, John J. Cater, and William H. Hagood executed and delivered their certain other bond in the penal sum of $1,293.85 to Johnson Hagood, commissioner in equity, conditioned for the payment of the full and just sum of $646.69 one year from date, with interest, and in order to secure the said bond C. M. De Witt executed and delivered to said commissioner in equity his certain other mortgage deed covering lands in the said district; that said bonds and mortgages were given to the commissioner in equity for money loaned by the said commissioner to C. M. De Witt; that said bonds were not paid at their maturity, and suit was instituted by the commissioner on the behalf of W. A. Nerland, clerk of the Court, to recover the amount and foreclose the mortgages, to sell the premises, and apply the proceeds of said sale to the indebtedness of said bonds, which resulted in judgment on the 6th day of November, A. D. 1869, against C. M. De Witt, J. J. Cater, and William H. Hagood, and that the parties to the original action, by consent under order of the

Court, postponed the sale of the mortgage premises until
September, 1879, when an order was passed fixing the date
of sale on sales day in November, 1879, or some subse-
quent convenient sales day thereafter, and that the sale
occurred on sales day in December, 1879, and that the
amount realized from said sale was not sufficient to pay the
said judgment, and a large sum therefore remained unpaid,
and that Judge McKay, on June 11, 1881, upon motion of
complainants' counsel, ordered the clerk to issue execution
against C. M. De Witt and his sureties, if said balance was
not paid by November 1, 1881.   In the meantime C. M. De
Witt and his said sureties had departed this life, and there-
after, in pursuance to said order the lands of J. J. Cater
and William H. Hagood, sureties of said C. M. De Witt,
were sold by the sheriff and applied to the extinguishment
of the deficiency upon the said judgment debt.

"The appellant takes the position by exceptions 1, 3, 5,
and 8 that the credits entered upon the said judgment derived
from the sale of the land of the codefendants of Charles M.
De Witt were not binding upon the heirs and distributees at
law of Charles M. De Witt, deceased, and that said alleged
credit was involuntary, or an enforced payment, and that
such credit derived from the sale of the lands of the
codefendants of said Charles M. De Witt, deceased, did not
operate as a new starting point from which said judgment
would commence to run, for the reason that section 3535
of the Code of 1912, vol. I, requires: 'That if the holder of
such lien or liens * * * shall, at any time during the con-
tinuance of such lien, cause to be recorded upon the record
of such mortgage, or deed, having the effect of a mortgage,
or shall file with the record of such judgment, decree or
other lien a note of some payment on account or some writ-
ten acknowledgment of the debt secured thereby, with the
date of such payment or acknowledgment, such mortgage
deed having the effect of a mortgage, judgment, decree or
other lien, shall be, and continue to be, a lien for twenty

11—104

years from the date of record of any such payment on account or acknowledgment.' "

Messrs. *Harley & Best* and *J. O. Patterson, Jr.,* for appellant, cite: *Civil Code as existence of claim:* Sec. 3535; 31 S. C. 11; 32 S. C. 378; 72 S. C. 179; 28 S. C. 302; 16 S. C. 198; 14 S. C. L. (3 McC.) 240; 33 S. C. L. (2 Strobh.) 353; 70 S. C. 228; 46 S. C. 11; 198 S. C. 489; 81 S. C. 82. *As to liability of heirs:* 28 S. C. 285; Angel Lim. 263; 6 Johns. Ch. 373; 24 S. C. 99; 33 S. C. 354. *Receipt:* 28 S. C. 285; 16 S. C. 198. ` *Evidence:* Code Civ. Proc., sec. 438.

Messrs. *Bates & Simms,* for respondents, cite: 33 S. C. 354; Code Civ. Proc., sec. 348.

March 29, 1916.

The opinion of the Court, after reciting the foregoing statement of facts, was delivered by MR. JUSTICE FRASER.

The case of *Patterson* v. *Baxley,* 33 S. C. 354, 11 S. E. 1065, is conclusive of this case against the appellant's contention, and, unless that case is overruled, it governs here. In that case (pages 357 and 358, of 33 S. C., page 1066 of 11 S. E.) it is said:

" 'It is further ordered that the complainant be at liberty at any time thereafter, when any such deficiency shall have become due according to the bond, to apply to the Court for an execution against all the defendants to collect the amount which shall be due thereon.' This was done precisely as directed, and the unpaid balance collected without objection out of the property of the surety, J. C. Holley, who is now endeavoring to revive the judgment against the principal defendants in order to reimburse himself the amount paid by him as surety. See *Freer* v. *Tupper,* 21 S. C. 81."

It appears in writing from the record in the sheriff's office that "payments" were made to him officially on the judgment for the deficiency at three separate times, viz.: Janu-

ary 20, 1870; October 3, 1870; and November 7, 1870. From this last payment to October 18, 1889, when the summons to renew was filed, was less than 20 years.   We cannot doubt that the receipts in writing on the record are substantial compliance with the new rule of evidence created by the act of 1879, *supra,* which requires a note of some payment on account, or some written acknowledgment of the debt secured thereby, etc.

We think the summons to renew the execution was filed within time, within 20 years from the last "payment on account" in the record.   This case decides the exact question before us and is conclusive of it.

The judgment is affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES HYDRICK and GAGE concur in the opinion of the Court.

MR. JUSTICE WATTS dissents.